Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or to amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1, as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 20 December 1995 an employment relationship existed between plaintiff-employee and defendant Best Products. On that date, defendant Best Products was self-insured with ITT Hartford Specialty Risk as the administrator.
3. On 23 February 1997 an employment relationship existed between plaintiff-employee and defendant Pep Boys. On that date, Travelers Property and Casualty was the carrier at risk.
4. On 20 December 1995 plaintiff's average weekly wage of $576.80 resulted in a compensation rate of $384.55 with respect to plaintiff's employment with defendant Best Products.
5. Plaintiff's average weekly wage with respect to his employment with defendant Pep Boys on 23 February 1997 was $600.00.
6. On 20 December 1995 plaintiff sustained a compensable injury to his back arising out of and in the course of his employment with defendant Best Products. Defendant Best Products and ITT Hartford Specialty Risk accepted liability for this claim.
7. The parties entered into an Agreement to Pay Compensation Without Prejudice, with the defendants agreeing to equally pay compensation, with the party ultimately responsible agreeing to reimburse the non-responsible party. This Agreement is hereby made a part of the record.
8. Plaintiff's medicals with respect to these claims are admitted into evidence as Stipulated Exhibit #2.
9. Plaintiff's recorded statement to defendant Best Products/ITT Hartford Specialty Risk, dated 21 April 1997, is admitted into evidence as Stipulated Exhibit #3.
10. Plaintiff's recorded statement to defendant Pep Boys/Travelers Property and Casualty, dated 18 April 1997, is admitted into evidence as Stipulated Exhibit #4.
11. The Full Commission takes Judicial Notice of the Form 21 Agreement between plaintiff and defendant Best Products, approved 23 September 1996 and the Form 28B and Form 26, approved 20 March 1997 with respect to Industrial Commission File Number 654647. The Full Commission also takes Judicial Notice of the remaining Industrial Commission forms, a part of the record of Industrial Commission File Numbers 654647 and 709115.
12. The issues to be determined are whether plaintiff's current condition is the result of a compensable specific traumatic incident on 23 February 1997 at defendant Pep Boys, or whether plaintiff suffers from a change of condition pursuant to N.C. Gen. Stat. § 97-47 from plaintiff's 20 December 1995 compensable injury while employed at defendant Best Products; and what benefits, if any, is plaintiff entitled.
 *********** RULING ON EVIDENTIARY MATTER
The objections contained within the deposition of Dr. William O. Bell are OVERRULED.
 ***********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the deputy commissioner with minor modifications and finds as follows:
 FINDINGS OF FACT
1. On 20 December 1995 plaintiff was a 51-year old male employed as a warehouse manager for defendant Best Products. Plaintiff's work history primarily included retail store management.
2. On 20 December 1995 plaintiff sustained a compensable specific traumatic incident to his lumbar spine. Plaintiff had pre-existing back problems prior to this date, going back to 1989, when he had his first lumbar laminectomy.
3. Defendant Best Products accepted compensability with regard to plaintiff's 20 December 1995 work-related injury; and the parties entered into a Form 21 Agreement with respect to this injury, approved by the Commission 23 September 1996.
4. Dr. William O. Bell, a neurosurgeon, was plaintiff's treating physician following his December 1995 compensable injury. Dr. Bell performed a lumbar laminectomy and disc excision at the L5-S1 area on plaintiff on 20 January 1996. Plaintiff's back condition improved until he reported recurrent radicular pain down his right leg. Dr. Bell performed surgery again on 10 May 1996 consisting of excision of the recurrent disc at L5-S1. After plaintiff's May 1996 surgery he improved to the extent Dr. Bell released plaintiff to return to work 24 June 1996, six (6) to eight (8) hours per day with limited lifting, bending, crawling and twisting.
5. Dr. Bell assigned plaintiff a ten percent (10%) permanent partial disability rating to his back on 28 October 1996. The plaintiff and defendant Best Products executed a Form 26 Agreement approved by the Commission 20 May 1997 and compensating plaintiff for this rating.
6. In December, 1996 defendant Best Products closed its store in Winston-Salem where plaintiff worked. At that time plaintiff worked full time, eight (8) hours per day without difficulty at the same or greater wages than he had earned prior to 20 December 1995.
7. In December, 1996 plaintiff obtained employment with defendant Pep Boys in Greensboro as a service manager. Plaintiff's duties consisted of waiting on customers, computer work, lifting inventory, including tires and occasionally changing tires on customers' vehicles. Up until 23 February 1997, plaintiff worked full time and performed his regular duties at defendant Pep Boys without difficulties. The plaintiff's supervisor was Howard Reeder.
8. On 23 February 1997 while plaintiff worked at defendant Pep Boys, the store became very busy. Plaintiff began to assist the service technicians in the changing of tires on automobiles. At that time plaintiff pulled a vehicle into the work area and started mounting tires onto a vehicle. As plaintiff bent over to pick up a tire, he felt a twinge in his lower back. At that time plaintiff stopped helping change tires and went back to waiting on customers at the desk. Because plaintiff was the only manager on duty, neither Howard Reeder nor the general store manager worked that day, which was Sunday. The plaintiff finished work that day.
9. Plaintiff returned to work at defendant Pep Boys the next day and immediately reported the incident with the tire to Howard Reeder. The plaintiff additionally made an appointment to return to Dr. Bell but 27 February 1997 was the earliest appointment date. The plaintiff informed Dr. Bell he had hurt his back changing a tire at work.
10. Dr. Bell treated plaintiff conservatively with medication for a short time but then scheduled an MRI on 12 March 1997. When plaintiff's pain did not improve, Dr. Bell performed surgery on 30 April 1997, consisting of an excision of a recurrent ruptured disc at level L5-S1 on the right side.
11. The greater weight of the evidence is that plaintiff sustained a ruptured disc on 23 February 1997 as a result of lifting a tire arising from his employment at defendant Pep Boys. Although plaintiff had a recurrent disc rupture after his 20 January 1996 surgery resulting in another surgery 10 May 1996, plaintiff had not sought any treatment for his back from July, 1996 until he returned to Dr. Bell in February, 1997. It is likely plaintiff's prior back condition contributed to his susceptibility to sustaining another ruptured disc, however, the incident of lifting the tire at work on 23 February 1997 at Pep Boys was the final precipitating causal factor.
12. After continued problems, plaintiff underwent an MRI on 27 June 1997 which revealed a bulging disc at L4-5, unchanged from previous results, and some scar tissue on the right side at L5-S1.
13. Dr. Bell referred plaintiff to Dr. Spangler who performed an anterior/posterior fusion and fixation at L5-S1 on 28 August 1997. Dr. Bell assisted Dr. Spangler with this surgery.
14. As a result of plaintiff's work-related lifting incident on 23 February 1997 at Pep Boys, the plaintiff has been unable to work or earn any wages since 12 April 1997 and continuing.
15. Plaintiff's average weekly wage of $600.00 per week results in a compensation rate of $400.00 per week.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 23 February 1997, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant Pep Boys. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury on 23 February 1997, plaintiff is entitled to temporary total disability benefits at his compensation rate of $400.00 per week from 14 April 1997 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to all medical treatment arising from this 23 February 1997 injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Subject to an attorney's fee herein after approved, defendant Pep Boys shall pay temporary total disability to the plaintiff at his compensation rate of $400.00 per week from 14 April 1997 and continuing until further order of the Commission. Said amounts which have accrued shall be payable in a lump sum.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded plaintiff in Paragraph 1 of this AWARD is hereby approved to be deducted from the lump sum due plaintiff, payable directly to plaintiff's counsel. Thereafter, every fourth check shall be payable directly to plaintiff's counsel.
3. Defendant Pep Boys and defendant Travelers Property and Casualty shall reimburse defendant Best Products and ITT Hartford Specialty Risk Services consistent with the Agreement to Pay Compensation Without Prejudice between the parties.
4. Defendant Pep Boys shall pay the costs due this Commission.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ LAURA K. MAVRETIC COMMISSIONER
BSB:md